**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY D. EVANS,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS,<br><br>    Respondent. | Case No.: 1:19-cv-00691-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his sentence imposed by the Merced County Superior Court in 1998. After conducting a preliminary screening of the petition, it appears that the petition fails to present any cognizable grounds for relief. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

**I.    PROCEDURAL HISTORY**

On April 23, 1998, Petitioner was convicted in the Merced County Superior Court of robbery and assault with great bodily injury. (Doc. 1 at 49.) On June 8, 1998, the superior court sentenced Petitioner under California's Three Strikes law (Cal. Penal Code §§ 667(b)-(i) and 1170.12(a)-(d)) to a term of life with possibility of parole. (Doc. 1 at 49.) Pursuant to the Three Strikes law, the sentencing court found two qualifying priors: a 1988 robbery and a 1992 burglary. (Doc. 1 at 49.) Petitioner

1

appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), and judgment was affirmed on June 30, 2000. (Doc. 1 at 2.) He then filed a petition for review in the California Supreme Court, and the petition was denied in 2000. (Doc. 1 at 2.)

Petitioner commenced a round of habeas review in the state courts in 2017 concerning the allegations in this petition. On December 14, 2017, he filed a habeas petition in the Merced County Superior Court. (Doc. 1 at 67.) The superior court denied the petition in a reasoned decision on February 7, 2018. (Doc. 1 at 67.) He then filed a petition in the Fifth DCA, and the petition was denied in 2018. (Doc. 1 at 3.) Petitioner then filed a petition in the California Supreme Court, and the petition was summarily denied on January 2, 2019. (Doc. 1 at 75.)

Petitioner filed the instant federal habeas petition in this Court on May 20, 2019. (Doc. 1.)

**II.  DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner's chief complaint concerns his sentencing in 1998. He claims that the court wrongly used his 1998 robbery convictions as "strike" offenses under California's Three Strikes law, because he was committed to the California Rehabilitation Center on those convictions rather than the California Department of Corrections and Rehabilitation. He contends they could not qualify as "strike" offenses because they were civil commitments, not criminal convictions, and therefore he received an unauthorized sentence.

Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness.

In rejecting his claim, the state court found that under Cal. Penal Code § 667(d)(1)(D), "a commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison does not change the nature of a conviction as a prior

'strike' for future sentencing purposes." (Doc. 1 at 69.) The state court found no sentencing error in the court's determination of qualifying priors. This Court is bound by the state court's interpretation of its own sentencing laws. Bradshaw v. Richey, 548 U.S. 74, 76 (2005) (per curiam).

Petitioner attempts to transform his claim into a violation of federal constitutional rights by citing to Apprendi v. New Jersey, 530 U.S. 466 (2000) and claiming a violation of the Sixth Amendment. His argument is unavailing since Apprendi is clearly inapplicable. As Petitioner notes, Apprendi holds that the Constitution requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum, *other than the fact of a prior conviction*, must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 466 (emphasis added). Here, Petitioner is contesting the fact of a prior conviction. Thus, Apprendi is not implicated. Moreover, Petitioner waived his right to a jury trial on his priors. (Doc. 1 at 70.)

Petitioner also cites to Descamps v. United States, 570 U.S. 254 (2013), but again, the case has no application here. Descamps concerned a federal sentence under the Armed Career Criminal Act. Petitioner was not sentenced under the ACCA nor is he challenging a federal sentence. This Court is bound by the state court's determination that no sentencing error occurred. Petitioner fails to state a cognizable federal habeas claim.

Petitioner also contends that the sentencing judge was biased and should have recused himself because he was elected District Attorney of Merced County in 1988 when Petitioner suffered his strike convictions. As noted by the superior court, there is no indication of any prejudice or bias. The sentencing judge was not the prosecuting attorney and there is no evidence that the judge had any involvement in Petitioner's 1988 case. Petitioner's claim is completely speculative. Moreover, the claim clearly violates the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) insofar as the judgment became final in 2000 and Petitioner was dilatory in seeking relief by over 17 years.

**III.    ORDER**

The Clerk of Court is DIRECTED to assign a district judge to this case.

**IV.    RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to state a claim.

4

| | |
|---|---|
| 1 | This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |

IT IS SO ORDERED.

    Dated:   **June 1, 2019**                          **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE